**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KENNETH A. OLSEN**
**Plaintiff,**

**v.** **C.A. No: 03-245 ML**

**TOWN OF WESTERLY;**
**WESTERLY TOWN COUNCIL;**
**RICHARD COMOLLI, PATRICIA DOUGLAS, ANN SCHWER, DIANA AVEDISIAN, JAIMI SILVESTRI, NANCY RICHMOND, MARY JANE DIMAIO, MELINDA BOEGLIN and ETSUKO ZUCZEK**
**Defendants**

**STATEMENT OF UNDISPUTED FACTS**

Having filed a Motion for Summary Judgment, the Defendants submit that there is no genuine dispute as to the following material facts:

1. The Town of Westerly is a municipal corporation whose sovereign authority is vested in the Town Council.

2. In September of 2000, the Westerly Town Council consisted of Richard Comolli, Patricia Douglas, Ann Schwer, Diana Avedisian, Jaimi Silvestri, Nancy Richmond, and Mary Jane DiMaio.

3. Etsuko Zuczek is the Finance Director for the Town of Westerly.

4. Melinda A. Boeglin was the Acting Finance Director for the Town of Westerly in the fall of 2000, and is currently the Town's Tax Collector.

5. In 2000, the Plaintiff, Kenneth Olsen, completed twenty-five years of employment as a police officer with the Town of Westerly.

6. In 2000, the Plaintiff, held the rank of Lieutenant and was the Prosecuting Attorney for the Town of Westerly.

7. Under a the terms of a 1943 amendment to special legislation first enacted in 1938, an all Westerly police officers must retire at the end of the year in which

they achieve twenty-five years of service, although the law also gives the Town Council the discretion to grant requests for one year extensions of service.

8. Upon reaching his twenty-fifth year of service, the Plaintiff requested that he be allowed to remain employed on the Westerly police force for an additional year.

9. On or about August 26, 1998 then Chief of Police Bruno Giuline issued a written reprimand to the Plaintiff for interfering in a police investigation which involved potential assault charges against his in-laws.

10. On September 11, 2000 the Town Council considered the request of the Plaintiff for permission to work as a police officer for an additional year beyond his mandatory retirement date.

11. The Plaintiff was allowed to address the Town Council during its meeting of September 11, 2000 and stated the reasons for his request.

12. Pamela Nolan, the then Town Manager, recommended that the Plaintiff's request be denied.

13. This was the only time that a Town Manager recommended the Town Council deny an officer's request that he or she be allowed to remain on the police force for an additional year.

14. Ms. Nolan recommended that the Plaintiff's request be denied because he was given a written reprimand for interfering with a police investigation involving his in-laws.

15. On September 11, 2000 the Town Council voted 6 to 1, with Mary Jane DiMaio voting in favor of the request, to deny the Plaintiff's request.

16. Between 1990 and the Fall of 2005 the request of the following officers for permission to work for an additional year beyond their mandatory retirement date were approved, (the year of the request is noted in parenthesis):

   a. Detective Sergeant Stephen DePerry (1999, 1998, and 1997)
   b. Lieutenant Wayne Brusseau (1998)
   c. Sergeant Ronald Nye (1997)
   d. Captain Peter Plenninger (1994)
   e. Detective Sergeant Larry Gwaltney (1994)
   f. Chief Eugene Trombino (1996, 1995, 1994, 1993, and 1992)

17. In or about 1981, the first request of Chief James Gulluscio for permission to work beyond his mandatory retirement date was denied.

18. In December of 2000, the Town Council denied a request by Detective Sergeant Steven DePerry for permission to serve as a Westerly police officer for an additional year.

19. Denying the Plaintiff's request allowed experienced officers of lower rank to be promoted and to assume greater responsibility.

Respectfully Submitted
Defendants,

By their Attorneys,

George H. Rinaldi #5599
Little Medeiros Kinder Bulman &
Whitney PC
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

Dated: November 28, 2005

**CERTIFICATION**

I hereby certify that on the 28th day of November, 2005 I have caused a true and accurate copy of the within Statement of Undisputed Facts to be sent by First Class mail, postage prepaid, to Raymond T. Trebisacci, Esq., Trebisacci, Reck & Hall, LLC, 398 Liberty Street, Pawcatuck, CT 06379

O:\Data\612.104\Dktct\Stmt\05693.doc