UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KENNETH A. OLSEN,
        Plaintiff,

v.                                            C.A. No: 03-245 ML

TOWN OF WESTERLY;
WESTERLY TOWN COUNCIL;
RICHARD COMOLLI, PATRICIA
DOUGLAS, ANN SCHWER, DIANA
AVEDISIAN, JAIME SILVESTRI,
NANCY RICHMOND, MARY JANE
DIMAIO, MELINDA BOEGLIN and
ETSUKO ZUCZEK,
        Defendants,

## MEMORANDUM AND ORDER

This matter is before the Court on a motion for summary judgment filed by Defendants Town of Westerly, *et. al.*[1] ("Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Kenneth A. Olsen ("Plaintiff") claims that Defendants violated his rights to due process and equal protection under the state and federal constitutions. According to Plaintiff, Defendants violated his rights when they refused to grant his request for a one-year extension of employment after his mandatory retirement date pursuant to state statute.[2] For the reasons stated below, Defendants' motion is GRANTED.

## I. FACTS

Plaintiff, a Lieutenant in the Westerly police force, reached twenty-five years of

---

[1] Defendants include the Town of Westerly, seven former members of the Westerly Town Council, a former Westerly finance director, and the current Westerly finance director.

[2] 1943 R.I. Pub. Laws ch. 1298 § 6, "An Act To Provide For the Retirement of Police Officers of the Town of Westerly."

1

continuous service with the Town in the year 2000. (Pl.'s Compl. ¶ 1). Under the terms of a statute passed by the Rhode Island General Assembly, retirement for Westerly police officers is mandatory upon completion of twenty-five years of service. 1943 R.I. Pub. Laws ch. 1298 § 6. Thus, plaintiff reached his mandatory retirement date in the year 2000.

Plaintiff, however, had the option under the mandatory retirement legislation to petition the Westerly Town Council for a one-year extension of employment. Id. According to the legislation, "the town council by affirmative vote may permit his continuation in service for term [sic] of one year, at the end of which time, he shall be retired as though he had then served, a continuous period of twenty-five years . . . ." Id. The legislation provides that this process may be repeated at the end of each one-year extension, so that an officer might receive multiple one-year extensions by repeated affirmative votes of the town council. Id. Plaintiff petitioned the Westerly Town Council in 2000 for such an extension. (Def.'s 12.1 ¶ 8).

The Westerly Town Council considered Plaintiff's request on September 11, 2000. (Def.'s 12.1 ¶ 10). At the September 11th meeting, Plaintiff was given an opportunity to address the town council and state his reasons for requesting an extension. (Def.'s 12.1 ¶ 11). Pamela Nolan ("Nolan"), Westerly Town Manager at the time, recommended that Plaintiff's request for a one-year extension of employment be denied. (Def.'s 12.1 ¶ 12; Def.'s Mem. Supp. Summ. J. Ex. 1, Mins. of Sept. 11, 2000, Westerly Town Council Meeting). Plaintiff was not aware of Nolan's recommendation at that time, nor was he present for the council vote. (Pl.'s 12.1 ¶ 1, 2). The council voted to deny Plaintiff's request by a margin of six to one. (Def.'s Mem. Supp. Summ. J. Ex. 1, Mins. of Sept. 11, 2000, Westerly Town Council Meeting).

The members of the Westerly Town Council gave two reasons for the denial of Plaintiff's

request for an extension. Councilors Richard Comolli and Patricia Douglas cited Nolan's recommendation as a key factor in their decisions. (Def.'s Mem. Supp. Summ. J. Ex. 5, Comolli Dep. at 12; Def.'s Mem. Supp. Summ. J. Ex. 7, Douglas Dep. at 18-19). Councilors Diana Avedisian and Patricia Douglas cited a desire to promote younger officers into higher ranking positions as a motivating factor. (Def.'s Mem. Supp. Summ. J. Ex. 6, Avedisian Dep. at 11-12; Def.'s Mem. Supp. Summ. J. Ex. 7, Douglas Dep. at 8, 28). The sole dissenter, Jane DiMaio, also recalled a desire on the part of some councilors at that time to "move the police up a little faster." (Def.'s Mem. Supp. Summ. J. Ex. 9, DiMaio Dep. at 27).

During the period between 1990 and the Fall of 2005, two officers, including Plaintiff, were denied extensions after reaching their mandatory retirement date. (Def.'s Mem. Supp. Summ. J. Ex. 8, Dwyer Aff.). The other officer, who was also denied an extension in 2000, was a Detective Sergeant who had been granted three previous one-year extensions. Id.

## II. STANDARD OF REVIEW

Summary judgement is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the pertinent evidence is such that a rational fact finder could decide the issue in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

The moving party must demonstrate that no genuine issue of material fact exists. Id. "The initial burden of production imposed on the moving party is to make a prima facie showing

3

that it is entitled to summary judgment . . . ." Mercado Garcia v. Ponce Federal Bank, F.S.B., 779 F. Supp. 620, 625 (D.P.R. 1991), aff'd, 979 F.2d 890 (1st Cir. 1992) (citations and internal quotation marks omitted). The Court need not decide whether the moving party has satisfied the ultimate burden of persuasion unless the moving party has first satisfied the initial burden of production. Id. Once this burden has been met, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). It is the Court's task to "determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999) (citation and internal quotation marks omitted). The Court views all facts and draws all reasonable inferences in the light that is most favorable to the nonmoving party. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997).

Local Rule 12.1[3] requires that the moving party file a "concise statement of all material facts as to which he contends there is no genuine issue necessary to be litigated." D.R.I. Loc. R. 12.1(a)(1). The nonmoving party must submit a similar statement identifying the facts "as to which he contends there is a genuine issue necessary to be litigated." D.R.I. Loc. R. 12.1(a)(2). The Court may assume that the facts as claimed by the moving party exist unless they are disputed by affidavit or by other evidence that the Court may consider pursuant to Rule 56 of the Federal Rules of Civil Procedure. D.R.I. Loc. R. 12.1(d).

---

[3] This motion was filed and briefed prior to this Court's adoption of new local rules which became effective January 1, 2006; consequently the local rules in effect on December 31, 2005, apply in this matter.

## III. DISCUSSION

Plaintiff argues that Defendants violated his due process and equal protection rights under the state and federal constitutions. Rhode Island's constitutional protections of due process and equal protection are similar to those provided under the Fourteenth Amendment of the United States Constitution. Kleczek v. Rhode Island Interscholastic League, Inc., 612 A.2d 734, 740 (R.I. 1992) (equal protection); Jones v. Rhode Island, 724 F. Supp. 25, 34-35 (D.R.I. 1989) ("The intent of the drafters in adding a 'due process' and an 'equal protection' clause to the new Constitution clearly was to parallel the language of the Fourteenth Amendment to the United States Constitution."); see also Pelland v. Rhode Island, 317 F. Supp. 2d 86, 97 (D.R.I. 2004) (due process analysis is "identical"). The following analysis will therefore apply to claims under both the United States and Rhode Island constitutions.

### A. Procedural Due Process

To prevail on his procedural due process claim, Plaintiff must show that he was deprived of a protected property interest, as defined under state law, without constitutionally adequate process. SFW Arecibo, Ltd. v. Rodriguez, 415 F.3d 135, 139 (1st Cir. 2005), cert. denied, 126 S. Ct. 829 (2005). A court will not reach the question of constitutionally adequate process unless the plaintiff has established the existence of a protected property interest. Board of Regents v. Roth, 408 U.S. 564, 570-571 (1972); Brown v. Hot, Sexy & Safer Productions, Inc., 68 F.3d 525, 534 (1st Cir. 1995).

Plaintiff, a former public employee, must first show that he possessed a constitutionally protected property interest in future employment. Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005). Whether Plaintiff possessed such an interest depends on his expectation

of continued employment under the laws of the state of Rhode Island. <u>King v. Town of Hanover</u>, 116 F.3d 965, 969 (1st Cir. 1997). This expectation "may derive from a statutory job classification, a provision in the contract of employment (express or implied) or an officially sanctioned rule of the workplace. A mere subjective expectancy of continued employment is not sufficient." <u>Ortega-Rosario v. Alvarado-Ortiz</u>, 917 F.2d 71, 73 (1st Cir. 1990) (citations omitted). In Rhode Island, a public employee does not have a property interest in continued public employment beyond his statutory retirement date. <u>Power v. City of Providence</u>, 582 A.2d 895, 905 (R.I. 1990).

Plaintiff does not dispute that 1943 R.I. Pub. Laws ch. 1298 § 6 establishes a mandatory retirement date for Westerly police officers and gives the Westerly Town Council absolute discretion whether to grant a one-year extension of employment beyond that mandatory retirement date. 1943 R.I. Pub. Laws ch. 1298 § 6 ("[T]he town council by affirmative vote <u>may</u> permit his continuation in service for term [sic] of one year . . . ." (emphasis added)). Nor does Plaintiff dispute the fact that he had reached his mandatory retirement date by September 11, 2000.

Upon reaching his mandatory retirement date, Plaintiff's property interest in continued public employment ceased. <u>Power</u>, 582 A.2d at 905. Thus, because Plaintiff's property interest ceased, any expectation of future employment on the part of Plaintiff was a "mere subjective expectancy" which was insufficient to create a constitutionally protected property interest. <u>Ortega-Rosario</u>, 917 F.2d at 73. This is so notwithstanding the provision which gives the town council absolute discretion in deciding to grant or deny a request for an extension. 1943 R.I. Pub. Laws ch. 1298 § 6.

Plaintiff argues that his "right to Due Process was . . . protected by past practices. . . . The fact that everyone else got one or more extensions gives rise to a legitimate expectation that Plaintiff would get the extension also." (Pl.'s Mem. Opp'n Summ. J. at 4-5). Beyond this single sentence, Plaintiff has failed to adequately develop his assertion that "past practices" of Defendants create a property interest in future public employment. The Court therefore finds that he has waived this claim. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); accord Guzman v. Garcia, 901 F. Supp. 45, 49-50 (D.P.R. 1995), aff'd, 86 F.3d 1146 (1st Cir. 1996).

Plaintiff has not identified "a statutory job classification, a provision in the contract of employment (express or implied) or an officially sanctioned rule of the workplace" to support his claim of entitlement, Ortega-Rosario, 917 F.2d at 73, and there is no dispute concerning the import of the statutory provision granting the Westerly Town Council absolute discretion to grant or deny a one-year extension of employment. Given the undisputed facts and drawing all reasonable inferences in a light most favorable to Plaintiff, Defendants must prevail as a matter of law on Plaintiff's due process claim.

## B. Equal Protection

Plaintiff clarified at oral argument that his equal protection claim is a "class of one" claim.[4] This relatively new equal protection theory requires Plaintiff to show that he was (1)

---

[4] As noted, the equal protection analysis under federal and state law is similar. See Kleczek, 612 A.2d at 740. The Rhode Island Supreme Court has not, however, specifically addressed the "class of one" equal protection theory under state law. See Providence Teachers' Union Local 958 v. City Council of Providence, 888 A.2d 948, 956 n.10 (R.I. 2005) ("[I]t is our understanding that, at least under federal law, an equal-protection claim may be advanced by an individual as a 'class of one.'"). Because the Court finds that Plaintiff has failed to meet his burden on his "class of one" claim, the Court need not address the viability of a "class of one" claim under state law.

intentionally treated differently (2) from others with whom he was similarly situated, and (3) that there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Donovan v. City of Haverhill, 311 F.3d 74, 77 (1st Cir. 2002). To succeed on the third prong of his claim, Plaintiff has the difficult task of showing that any decision to treat him differently was "wholly arbitrary or irrational." Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 104 (1st Cir. 2002) (internal quotation marks and citation omitted).

The Court focuses on the third prong, *i.e.*, that there is no rational basis for the difference in treatment. Defendants have presented deposition testimony from several members of the Westerly Town Council concerning the basis of their decision to deny Plaintiff's request for an extension. Those members cited two reasons for their decision: (1) the town manager's recommendation, and (2) a desire to promote younger officers. To survive summary judgment, Plaintiff must present evidence of an "arbitrary or irrational motive" that would allow a jury to find that there was no rational basis for Defendants' decision. See e.g., Donovan, 311 F.3d at 77 (quoting Wojcik, 300 F.3d at 104.). Plaintiff faces a significant challenge in this regard as the First Circuit has held that the irrational treatment test for a "class of one" claim is "exceptionally deferential." Wojcik, 300 F.3d at 104 (internal quotation marks and citation omitted).

Plaintiff disputes neither the fact that the town manager recommended denial of the request for extension, nor statements by council members that they wanted to promote younger officers. These two articulated bases for the council's decision are not "wholly arbitrary or irrational." See Wojcik, 300 F.3d at 104. Furthermore, Plaintiff fails to present evidence of any other motive, much less an arbitrary or irrational motive, for the town council's decision to deny

Plaintiff's request for an extension.[5] The undisputed facts cannot support a finding of irrationality or arbitrariness, and thus Plaintiff cannot make out an element of his claim. Defendants therefore must prevail as a matter of law on the equal protection claim as well.

## IV. CONCLUSION

For the above reasons, the motion of Defendants for summary judgment is GRANTED.

*/s/ Mary M. Lisi*

Mary M. Lisi
United States District Judge
April  17  , 2006

---

[5] Plaintiff does point out that the town manager never gave the town council her reasons for recommending denial of his request for an extension, but Plaintiff does not develop an argument or explain why it would be arbitrary or irrational to give weight to the town manager's recommendation. "[C]ourts do not second-guess the wisdom or efficiency of state action, but merely seek to insure its rationality." Westenfelder v. Ferguson, 998 F. Supp. 146, 151 (D.R.I. 1998).

9